# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| ANTHONY E. OWENS, | ) |  |
|---|---|---|
| **Plaintiff,** | ) |  |
| v. | ) | Case No. 17-CV-0236-CVE-FHM |
| ALLSTATE, | ) |  |
| **Defendant.** | ) |  |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging that defendant Allstate failed to honor his "renter" insurance policy. On May 1, 2017, plaintiff filed a pro se complaint using a form provided by the Clerk of Court for civil rights complaints pursuant to 42 U.S.C. § 1983. Plaintiff asserts that he is a citizen of Oklahoma, residing at the David L. Moss Criminal Justice Center in Tulsa, Oklahoma. Dkt. # 1, at 1. However, in light of the fact that plaintiff hand delivered his complaint to the Clerk's office himself, plaintiff is clearly not currently incarcerated. This is confirmed by the jail's website, which does not have a record of an Anthony Owens currently residing at the jail. Moreover, plaintiff asserts that defendant Allstate is a citizen of Tulsa, Oklahoma and is employed as Mr. Algood. Id. Plaintiff alleges that defendant violated his civil liberties by not honoring his "renter" policy and asks for "$200 million compensatory [damages], $200 million damages for emotion distress, [and] $200 [for] punitive damages." Id. at 1, 3.

To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief

above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff has failed to state a claim under § 1983. Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). In Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922 (1982), the Supreme Court held that if the conduct at issue constitutes "state action," then it is "also action under color of state law and will support a suit under § 1983." 457 U.S. at 935. "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" West, 487 U.S. at 49 (quoting Lugar, 457 U.S. at 937) (alteration in original). Defendant is an insurance company, and plaintiff alleges that defendant failed to honor his "renter" policy. Nothing in the complaint indicates that defendant could fairly be said to be a state actor, and for that reason plaintiff has failed to state a claim for relief under § 1983.

Liberally construing the complaint, it appears plaintiff may be attempting to assert a claim for breach of contract against defendant for violating a renter's insurance policy. Because plaintiff has failed to state a claim under § 1983 or any other federal law, for this Court to have jurisdiction over plaintiff's state law breach of contract claim, plaintiff must allege jurisdictional facts demonstrating the presence of diversity jurisdiction under 28 U.S.C. § 1332. See McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya

v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). To establish diversity jurisdiction under § 1332, a plaintiff must demonstrate complete diversity of citizenship and that the amount in controversy exceeds the sum or value of $75,000. See 28 U.S.C. § 1332(a). For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and the state of its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 88 (2010). An individual is a citizen of the state in which he is domiciled. Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014). A person is domiciled in the state where he resides and intends to remain indefinitely. Id.

Plaintiff's complaint fails to allege facts to support diversity jurisdiction. Plaintiff asserts that both he and defendant are citizens of Oklahoma. Dkt. # 1, at 1. However, the Court will grant plaintiff the opportunity to file an amended complaint because plaintiff named a local branch of Allstate as defendant, but it appears the proper defendant for plaintiff's claim may be Allstate Insurance Company, an Illinois insurance company with its principal place of business in Northbrook, Illinois.[1] See, e.g., Allstate Life Ins. Co. v. Stanley W. Burns, Inc., 80 F. Supp. 3d 870, 872 (N.D. Ill. 2015). To cure the deficiency in his complaint, plaintiff must file an amended complaint stating facts demonstrating that he and defendant are citizens of different states and the amount in controversy exceeds $75,000. Moreover, nothing in this decision should be construed as a finding that plaintiff's complaint sufficiently stated a claim for breach of contract. In addition to establishing jurisdiction, plaintiff must assert enough facts to state a claim for breach of contract that

---

[1] Additionally, given that plaintiff listed his last employer as the City of Little Rock, Arkansas, it is possible that plaintiff is not domiciled in Oklahoma. See Dkt. # 2, at 1. However, plaintiff did list a Tulsa address at the bottom of one of his submissions. Dkt. # 1, at 4.

is plausible on its face in order to avoid dismissal. To that end, plaintiff must provide a short and plain statement <u>specifically</u> stating what agreement he had with defendant and how defendant breached that agreement. <u>See</u> Fed. R. Civ. P. 8(a). The Court Clerk shall send plaintiff a civil complaint form, which plaintiff should use for his amended complaint. Should plaintiff fail to file an amended complaint as directed herein, this action will be dismissed without prejudice.

In addition to a complaint, plaintiff must complete and provide a summons and a USM-285 Marshal service form for the defendant. The Court Clerk shall send plaintiff a summons and a USM-285 Marshal service form. Plaintiff is responsible for providing the accurate name and service address for the defendant. Additionally, plaintiff must provide an accurate <u>current</u> address for himself.

.       Finally, plaintiff filed a motion for leave to proceed in forma pauperis (Dkt. # 2) on a form provided by the clerk for plaintiffs who are incarcerated. Given that plaintiff is not currently incarcerated, his motion will be denied, but the Court Clerk shall send plaintiff a form for plaintiffs who are not incarcerated. If plaintiff completes and files the form provided, the Court will consider his new motion for leave to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice** for failure to allege subject mater jurisdiction or state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint, consistent with the rulings herein, no later than **June 8, 2017**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **denied**. Plaintiff is directed to pay the filing fee ($400) or file an amended motion for leave to proceed in forma pauperis by **June 8, 2017**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to plaintiff at the address listed on the docket sheet a blank civil complaint form (form CV-05) marked "amended," a blank summons, a blank USM-285 Marshal service form, and a blank motion for leave to proceed in forma pauperis and supporting affidavit form (form CV-04), with all forms marked **Case No. 17-CV-236-CVE-FHM**.

**DATED** this 8th day of May, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE